The opinion of the court was delivered by
Miller, J.
This appeal is from the sentence of the lower court on defendant of imprisonment for life on his conviction for lying in wait a d cutting with a dangerous weapon, with intent to commit murder, the persons named in the indictment.
There was a motion to quash the indictment for irregularities in drawing the jury, the same as are alleged in the case of State vs. White, 46 An. 1273, decided at this term, and for the reasons given in the decision in that case our conclusion is there is no merit in the motion.
There is a bill of exceptions to the admissibility of the testimony on the preliminary examination; the objection being that there was not sufficient diligence to obtain the presence of the witnesses on that examination at the trial. Under the statute the witnesses should be produced when their attendance can be secured. R. S., Sec. 1010. We find tha; the witnesses were summoned, and there is the return of the sheriff that they could not be found. There is, besides, his testimony of fruitless inquiries made by him for the witnesses. In the course of the examination of the witnesses, one testified he had heard the absent witnesses state, when before the committing magistrate, that they were non-residents. The defendant took a bill of exceptions to the testimony of the statements of the absent witnesses. Without the testimony of their statements, we think the State exhibited due dilligence to obtain their presence, and a foundation was thus laid for the introduction of their depositions on the preliminary examinations. It can not be expected the State should send its sub *1271 pcenas into other parishes with no reasonable cause to suppose the absent witnesses could be found. Subpoenas were issued and the witnesses were sought in Ascension, and the sheriff’s efforts extended to the adjoining parish, Assumption, and all was done that could be reasonably demanded in the premises.
The assignment of error is: that the indictment under Sec. 790 of the Revised Statutes is defective, because charging attempting to perpetrate and perpetrating a robbery, and cutting with intent to murder; the ingredients of robbery and murder and the particulars of their crimes are not stated. But the disjunctive in the section makes the crime complete without the perpetration or attempt to perpetrate the robbery. So any supposed defect in respect to describing the robbery may be rejected as surplusage, and there remains the offence of lying in wait and cutting Albert Lincoln and Michael Oooney with a dangerous weapon with intent then and there feloniously, wilfully and of malice aforethought to kill and murder said Albert Lincoln and Michael Cooney. The conviction stands for this offence, sufficiently charged.
It is therefore ordered, adjudged and decreed that the sentence of the lower court be affirmed.