# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## E. N. MAWYER V. COMMONWEALTH.

### November 13, 1924.

1. INDICTMENTS, INFORMATIONS AND PRESENTMENTS—*Counts—Blank Counts not Filled in—Case at Bar.*—In the instant case the indictment was on a printed form, containing four counts. The blanks in the first and fourth counts were filled out, while the blanks in the second and third were not filled in. The jury returned a verdict of guilty on the second count. It was argued for the accused that the evidence must support the verdict, and that the finding of the accused guilty upon one count operates to acquit him of the offenses charged in all of the other counts; and as there was no evidence to show that the accused ever unlawfully transported intoxicating liquors, which was the charge to which the blank count "2" was directed, therefore he must be discharged as acquitted.

   *Held:* That this contention could not be sustained.

2. INDICTMENTS, INFORMATIONS AND PRESENTMENTS—*Blank Counts—Case at Bar.*—In the instant case the indictment was on a printed form, containing four counts. The blanks in the second and third counts were not filled out but those in one and four were, and therefore it was apparent that the grand jury ignored two and three and that they were not counts in the indictment, so that in fact there were but two counts in the indictment, and a verdict of guilty on the second count is equivalent to a verdict of guilty on the last count in the indictment.

3. INDICTMENTS, INFORMATIONS AND PRESENTMENTS—*Surplusage—Blank Counts.*—Blank counts in an indictment may be treated as surplusage.

4. PLEADING — *Surplusage — Indictments—Redundancy.*—Unnecessary and redundant allegations never vitiate pleadings, and, where the crime is sufficiently charged, redundancy is rejected as surplusage.

5. VERDICT—*Form of Verdict—Indictment—Verdict Misnumbering a Count.*—Strict technical form is not required in a verdict. The jury are not to be held up to the accuracy of pleaders. Thus, if the verdict misnumbers the count on which the conviction is had, but there is no possible doubt of the meaning, it is a good verdict.

Error to a judgment of the Circuit Court of Nelson county.

*Affirmed.*

The opinion states the case.

*L. Grafton Tucker*, for the plaintiff in error.

*John R. Saunders, Attorney-General, Leon M. Bazile, Assistant Attorney-General*, and *Lewis H. Machen, Assistant Attorney-General*, for the Commonwealth.

PRENTIS, J., delivered the opinion of the court.

[1] The accused is here complaining of a conviction which is based upon this record:

The indictment reads:

"Virginia, Nelson county, to-wit: In the circuit court of the said county.

"The jurors of the grand jury, in and for the county aforesaid, impaneled and sworn at the term hereof, commencing on the 28th day of January, 1924, and now attending said court, upon their oath present that E. N. Mawyer, within one year, and prior to the finding of this indictment, in the said county, did unlawfully manufacture, transport, sell, offer, keep, store, and expose for sale, give away, dispense, solicit, advertise, and receive orders for ardent spirits against the peace and dignity of the Commonwealth of Virginia.

Count 2.   "And the jurors aforesaid, upon their oath aforesaid, do further present that_____ within one year next preceding the finding of this indictment, to-wit: On the _____ day of _____, 19_____, did unlawfully transport from one point in this State to another point in this State, in the county of _____, to-wit: From _____

county to_____county, ardent spirits in excess of one quart within a period of thirty days, against the peace and dignity of the Commonwealth of Virginia.

Count 3. "And the jurors aforesaid, upon their oath aforesaid, do further present that_____ within one year next preceding the finding of this indictment, did unlawfully in said county take a drink of ardent spirits in a public place against the peace and dignity of the Commonwealth of Virginia.

Count 4. "And the jurors aforesaid, upon their oath aforesaid, do further present that E. N. Mawyer, within one year next preceding the finding of this indictment in said county, did unlawfully have in his possession a still, still cap and worm, mash, and other material to manufacture ardent spirits against the peace and dignity of the Commonwealth of Virginia.

"Upon the information of _____, witnesses called on by the grand jury, sworn in court, and sent to the grand jury to give evidence.

"A True Bill.

"W. T. Whitten, Foreman."

The accused pleaded not guilty, and the only evidence introduced for the Commonwealth is sufficient to prove that he was guilty under the last count of having in his possession "a still, still cap and worm, mash," and several barrels of cider for the purpose of illegally manufacturing ardent spirits. There was no evidence applicable to the alleged count that he had illegally transported any ardent spirits, nor is there the slightest allusion to that offense in the testimony.

The jury returned a verdict in these words: "We, the jury, find the defendant guilty on the second count and fix his punishment at one month in jail and $75.00 fine." The trial court overruled the motion of the ac-

·cused to set aside this verdict as contrary to the law and the evidence, and the exception to this ruling presents the single assignment of error.

It is stated in the brief for the Commonwealth and not denied, that the indictment found is on a printed form.    While this is doubtless explanatory of the fact that the counts entitled count 2 and count 3 do not name the defendant, and that none of the blanks therein are filled, it does not change the legal result, which would have been the same whether the original blank form had been printed or written.    The argument for the accused is based upon the well settled rules that the evidence must support the verdict, and that the finding of the accused guilty upon one count operates to acquit him of the offenses charged in all of the other counts, the claim being that as there is no evidence to show that the accused ever unlawfully transported intoxicating liquor in this State, which is the charge to which the blank count 2 was directed, therefore he must be discharged as acquitted.

This contention cannot be sustained for three reasons:

[2] 1. Because there were but two counts in the indictment—that is, the unnumbered first count, and the only other count in the indictment, numbered 4.    The blank paragraphs in the indictment are not counts, because it is perfectly apparent that the grand jury ignored them.    The fact that the blanks in two of the counts are filled, and in the other proposed counts not filled, is, we think, conclusive as to this; so that as in fact there were but two counts in the indictment when the jury returned their verdict of guilty "on the second count," their verdict was strictly responsive both to the indictment and to the evidence introduced.

[3, 4] 2. If there can be any fair doubt as to the conclusion just stated, the blank counts should be treated

as surplusage. Unnecessary and redundant allegations never vitiate pleadings, and where the crime is otherwise sufficiently charged, redundancy is rejected as surplusage. Beale's Criminal Pleading & Practice, sections 110, 111; *State* v. *Tyler*, 46 La. Ann. 1269, 15 So. 624; *Commonwealth* v. *Pray*, 13 Pick. (Mass.) 359; *State* v. *McClung*, 35 W. Va. 280, 13 S. E. 654.

[5] 3. The case may be considered from another aspect with the same result, and the rule which is here applicable is thus stated in Beale's Cr. Pl. & Pr., section 308: "Strict technical form is not required in a verdict. The jury are not to be held up to the accuracy of pleaders. Thus, if the verdict misnumbers the count on which the conviction is had, but there is no possible doubt of the meaning, it is a good verdict."

In *State* v. *Mahoney*, 7 N. D. 125, 72 N. W. 929, this is stated: "The well settled rule is that the language of verdicts must have a reasonable and liberal construction. If the verdict 'finds the defendant guilty of something duly charged and constituting an offense yet less than the entire allegation, it cannot be treated as void; it is a conviction of a part.' 1 Bish. New Crim. Procedure, section 1005. The same author (section 1005) says: 'The language of the verdict being that of lay people, need not follow the strict rules of pleading or be otherwise technical. Whatever conveys the idea to the common understanding will suffice and all fair intendments will be made to support it'. "

In *Tandy* v. *State*, 94 Wis. 499, 69 N. W. 160, it appeared that originally there were two counts in the indictment, the first for embezzlement and the second for larceny. A third count was added, charging the carrying away of money with intent to embezzle it, and it was held that a verdict "guilty of embezzlement in the manner and form as charged in the second count of the in-

formation," was not uncertain, the election of the prosecution to proceed on the count for embezzlement constituting an abandonment and elimination of the count for larceny; and that this count for larceny, which was originally the second count, having been abandoned, the new count became the second count. It was apparent there, as it is here, that the inadvertence of the jury, if any, in calling the count upon which the accused was convicted the second count, was immaterial, because their intention was so manifest.

In *Newman* v. *People*, 23 Colo. 300, 47 Pac. 278, there were four counts. The first and second counts of the information had been quashed, and the jury found a verdict in these words: "We, the jury, find the defendant guilty as charged in the first and second counts of the information," and the court said: "If the record accompanying this verdict were not considered, the argument might be plausible. The four counts in the information were not numbered 1, 2, 3 and 4, though they were seaprately set forth. When the two coming first (which appropriately might be designated counts No. 1 and No. 2) were quashed, there were but two remaining, and the information then stood as though it had always contained but these two, which as related to each other and to the information were as 1 and 2." This verdict was held sufficient under the facts of that case upon the ground that neither the court nor the attorneys nor the jury were misled, and that no prejudice could possibly have resulted to the defendant.

These precedents fully support the judgment of the trial court.

*Affirmed.*