**EDGELL v. EDGELL.**

No. 16187—Opinion Filed Nov. 30, 1926.

**Divorce—Ground of Adultery—Condonation of Offense.**

Where a husband sues his wife for a divorce, and alleges adultery and other indiscretions on the part of the wife, and after he has been advised of such indiscretions on the part of the wife he sleeps with her and has intercourse with her on Sunday night,

and the next day files a suit for divorce, he condones the offenses charged, and a divorce will be denied.

(Syllabus by Maxey, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Oklahoma County; George W. Clark, Judge.

Action by Zephro Edgell against Audrey Edgell for divorce. There was judgment for the defendant, and plaintiff appeals. Affirmed.

Fred Ptak, for plaintiff in error.

M. S. Singleton and Forrest L. Hughes, for defendant in error.

Opinion by MAXEY, C. This action was instituted in the district court of Oklahoma county by the plaintiff in error, Zephro Edgell, against the defendant in error, seeking a divorce from said defendant, alleging that said defendant had been guilty of extreme cruelty towards the plaintiff, both in private and in public, and had been guilty of indiscretions and indecencies with various other men, and conducted the home in such manner that the two little girls, children of the plaintiff and defendant, should be immediately removed therefrom.

The defendant denied the allegations of the plaintiff's petition, and the case was heard before the court, without a jury, and at the conclusion of the testimony the court found that if the defendant had been guilty of adultery with other men, the plaintiff had condoned the offense by sleeping with her and having marital relations on Sunday night before he filed this suit on Monday. This fact was admitted by both plaintiff and defendant, and at the close of the testimony the court delivered a long lecture to the parties, and gave them some wholesome advice. He denied the divorce to the plaintiff, and the defendant did not ask for one, but he awarded the custody of the children to the defendant and required the plaintiff to make provisions for their support.

We have read all of the material testimony in the case and have read the conclusions of the law reached by the court and his findings of fact, and are satisfied that he reached the proper conclusion. and that full justice was done the parties. The judgment of the district court is, therefore, affirmed.

By the Court: It is so ordered.

Note.—See 19 C. J. p. 85. §197; p. 87, §201; 9 R. C. L. p. 383; 2 R. C. L. Supp. 790; 6 R. C. L. Supp. p. 551.