This is a divorce suit in which each party seeks a dissolution of the marital relation upon a charge of adultery against the other. Plaintiff, Gertrude DeBerry, and defendant, C. B. DeBerry, were intermarried November 7, 1923, and lived together as husband and wife until September 29, 1933.
After the divorce commissioner, to whom the cause was referred, had filed his report, acquitting defendant, and convicting plaintiff, of adultery, plaintiff presented her petition alleging that defendant had condoned the offenses with which she is charged by cohabiting with her subsequent to the taking of the proof by the commissioner. Whereupon, the cause was recommitted to the commissioner to determine the issues raised by the petition. *Page 605 
After hearing evidence, the commissioner filed a supplemental report, sustaining the averments of the petition and recommending dismissal of the case. The trial chancellor confirmed the reports and dismissed the proceeding.
Defendant has appealed, assigning as error, the finding that the parties had cohabited together after the evidence of adultery on the part of the plaintiff had been taken before the commissioner, and the holding that sexual intercourse between the parties without reconciliation, constituted condonement.
Plaintiff testified that defendant, after calling her by telephone, at two-thirty A. M., February 11, 1934, came to her apartment on Burlew Street in the city of Charleston, forty minutes later, and remained there until ten-thirty A. M., of that day; that they slept together and engaged in sexual intercourse. Two other witnesses, testifying in her behalf, stated that in passing along the street, about ten-thirty A. M. of the day, they observed a man resembling defendant in size, on the porch of plaintiff's apartment in conversation with her. Defendant denied that he had visited his wife at the time in question or engaged in sexual intercourse with her since their separation, September 29, 1933. He also introduced a night-watchman of the Daniel Boone Hotel, in Charleston, who testified that he met defendant in a restaurant near the hotel about three-thirty on the morning of February 11th, and accompanied him to his room in the hotel where he left him about four A. M., in the act of retiring. Defendant also testified that he had been drinking and playing cards with a party of men near his hotel until three-fifteen A. M. He does not, however, disclose their names or offer them as witnesses. According to his testimony, he was attending the party at the time his wife claims he called her.
The circumstances are not such as to justify this court in setting aside the finding of the commissioner and the trial chancellor which involves an ordinary issue of fact upon conflicting testimony. *Page 606 
"No divorce for adultery shall be granted * * * when it appears that the parties voluntarily cohabited after knowledge of the adultery * * *; nor shall a divorce be granted for any cause when it appears * * * that the offense charged has been condoned * * *." Code (1931), 48-2-14. It will thus be observed that voluntary cohabitation of the parties after knowledge of the adultery charged, whether regarded as condonement or not, is a conclusive defense. The literal or derivative meaning of the word "cohabit" is to live together while its popular and often legal significance is to copulate. The latter interpretation was, in our opinion, intended by the legislature. King v. U.S., 17 F.2d 61; Burns v. Burns,60 Ind. 259; Knowles v. Knowles, (Del.) 100 A. 569, 570; Herrman
v. Herrman, 156 N.Y.S. 688. In the last case, the court, upon consideration of a similar act, stated: "No one would be heard to contend for a moment that a husband in an action for an absolute divorce should be entitled to a decree where it appeared that he admitted having sexual intercourse with his wife after his discovery of her adultery, and no one has ever had the hardihood to raise the point in such a case that sexual intercourse does not of itself constitute cohabitation under" the statute.
It is generally considered that a single voluntary act of sexual intercourse between the parties after knowledge by the innocent spouse of adultery on the part of the other is ordinarily sufficient to constitute condonation, especially as against the husband. 19 C. J. 87; Bishop on Marriage, Divorce and Separation, Vol. 2, page 284; Schouler, Marriage, Divorce, Separation and Domestic Relations (6th Ed.), Vol. 2, page 1893; Keezer, Marriage Divorce, (2d Ed.), page 298;Phinizy v. Phinizy, 154 Ga. 199, 216, 114 S.E. 185; Edgell v.Edgell, 120 Okla. 281, 251 P. 43. An ancient anonymous case, reported in 6 Mass. 147, quaintly expresses the rule, when applied to a complaining husband, as follows: "If therefore a husband, believing his wife's guilt, will afterwards cohabit with her, whether influenced by his compassion or *Page 607 
his affections, or induced by her tears, her penitence or her fascinations, he cannot afterwards avail himself of that offence, to obtain a dissolution of the marriage. And he is bound by his remission, although he after repent of his indulgence, from his subsequent reflections, or from the persuasion of his friends, or from the influence of what he may call the public opinion."
The decree of the circuit court is, therefore, affirmed.
Affirmed.