**Nathan SELLERS, Jr.,**

v.

**UNITED STATES, Appellee.**

**No. 1914.**

Municipal Court of Appeals for the
District of Columbia.

Argued Feb. 18, 1957.

Decided April 24, 1957.

Rehearing Denied June 4, 1957.

Curtis P. Mitchell, Washington, D. C.,
for appellant.

Harold D. Rhynedance, Jr., Asst. U. S.
Atty., with whom Oliver Gasch, U. S.
Atty., Lewis Carroll, Dyer J. Taylor, and
Richard J. Snider, Asst. U. S. Attys., were
on the brief, for appellee.

Before ROVER, Chief Judge, and
HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

Appellant was found guilty by the court,
sitting without a jury, of an "attempt to
receive money for arranging for a female
to have sexual intercourse" with a police
officer. This appeal questions the suf-
ficiency of the evidence to support the
conviction.

These were the facts: On the evening of September 12, 1956, two members of the Metropolitan Police Morals Division were walking north on 14th Street, N. W., when defendant called to them and asked if they were looking for girls. They replied that they were, whereupon defendant engaged them in conversation, inquired what type they wanted, and walked with them to the corner of 14th and Wallace Place. Defendant priced the girls at $10 each. One officer inquired what his fee was, and when defendant said it was $2, the officers identified themselves and placed him under arrest. At trial defendant corroborated the officers' version of the incident, but added that he never did receive any money, produce any girls, or designate a place where they might be found, and specifically denied that there were any girls involved.

In bringing this appeal, defendant urges that the basic facts did not warrant a verdict of guilty because of the absence of an overt act, a necessary element of the offense of an attempt to commit a crime. Apparently, his defense was that he had no intention of arranging for a woman to engage in prostitution, but simply intended to disappear after receiving money from the officers. Defendant concedes that his actions indicated at least an intent to commit the crime, but claims that the requirement of an overt act is not met by the mere "verbal declarations" present here. Since no money was passed and since there was no evidence that girls had been procured or a place designated, defendant contends that no overt act was committed in furtherance of the crime charged.

■ Defendant was prosecuted under Code 1951, Sections 22–2707 and 22–103. Section 22–2707 makes it unlawful for any person to "receive any money or other valuable thing for or on account of arranging for or causing any female to have sexual intercourse with any other person or to engage in prostitution, debauchery, or any other immoral act * * *." Thus, the two principal elements of the crime are receipt of money and arranging an assignation. Although the statute is designed primarily to prohibit procuring, it has been held to embrace many more activities.[1] Among other changes, an amendment in 1941[2] substituted the word "arranging" for the word "procuring." "An arrangement is a process by which the various parties involved reach * * * understandings [as to all the terms going into final agreement]."[3] The statute includes then not only the actual act of procurement but also the agreement to procure.

■ An attempt to violate Section 22–2707, which is prohibited by Section 22–103, exists when there is "any overt act done with the intent to commit the crime and which, except for the interference of some cause preventing the carrying out of the intent, would have resulted in the commission of the crime."[4] Mere preparation is not an attempt, but preparation may progress to the point of attempt. Whether it has is a question of degree which can only be resolved on the basis of the facts in each individual case.[5]

■ Tested by these standards, we conclude that here there was an overt act approaching consummation of the attempted arrangement. Concededly, defendant's actions never progressed beyond the stage of conversation and no money was received, but we believe that an arrangement had been made. Defendant originated the proposition, specified the price per girl and the amount of his commission, and secured

1. Byas v. United States, 1950, 86 U.S.App. D.C. 309, 312–313, 182 F.2d 94, 97–98.

2. 54 Stat. 1229.

3. Byas v. United States, supra, note 1, 86 U.S.App.D.C. at page 312, 182 F.2d at page 97.

4. 14 Am.Jur., Criminal Law, § 65, p. 813. See also, Martin v. Commonwealth, 1954, 195 Va. 1107, 81 S.E.2d 574.

5. United States v. Coplon, 2 Cir., 1950, 185 F.2d 629, 632–633, 28 A.L.R.2d 1041, certiorari denied, 1952, 342 U.S. 920, 72 S.Ct. 362, 96 L.Ed. 688.

an acceptance. The fact that there was no money paid is not fatal to a conviction for an attempt; indeed, had money passed, the principal crime itself would have been consummated.[6]

Whether defendant actually was making the arrangements forbidden by Section 22–2707, or whether he intended to vanish if he obtained the money, was a question of fact which the trial judge resolved against him. We think there was ample evidence to support such a holding. Accordingly, the judgment must be

Affirmed.

6. Martin v. Commonwealth, supra, note 4, 81 S.E.2d at page 578.