Wesley WALKER, Jr., Appellant,

v.

UNITED STATES, Appellee.

No. 4534.

District of Columbia Court of Appeals.

Argued Sept. 4, 1968.

Decided Nov. 29, 1968.

Theodore J. Christensen, Washington, D. C., appointed by this court, for appellant.

James E. Kelley, Jr., Asst. U. S. Atty., with whom David G. Bress, U. S. Atty., Frank Q. Nebeker and Richard M. Cahill, Asst. U. S. Attys., were on the brief, for appellee. Carl S. Rauh, Assistant U. S. Atty., also entered an appearance for appellee.

Before HOOD, Chief Judge, and FICKLING and KERN, Associate Judges.

KERN, Associate Judge.

This is an appeal from a conviction by the trial court sitting without a jury on an information charging appellant with the crime of attempted procuring in violation of D.C.Code 1967, §§ 22–103 and 22–2707.[1] Appellant contends that the evidence adduced at his trial even when viewed in a light most favorable to the Government shows only preparation on his part and not an attempt punishable as a crime. Accordingly, he argues that the trial court should have granted his motion for a judgment of acquittal.

The evidence consists entirely of testimony by the complaining witness who was a member of the armed forces: that appellant had approached him shortly after midnight in downtown Washington and asked "How about a nice girl?"; that when he answered in the affirmative, appellant direct-

1. Section 22–2707 provides:
Any person who, within the District of Columbia, shall receive any money or other valuable thing for or on account of arranging for or causing any female to have sexual intercourse with any other person or to engage in prostitution, debauchery, or any other immoral act, shall be guilty of a felony and, upon conviction, shall be punished by imprisonment for not more than five years and a fine of not more than $1,000.
Section 22–103 provides:
Whoever shall attempt to commit any crime, which attempt is not otherwise made punishable by this title, shall be punished by a fine not exceeding one thousand dollars or by imprisonment for not more than one year, or both.

ed him to a nearby park bench where they discussed not only the rate for the prostitute, which varied according to the amount of time the customer might choose to purchase, but also the charges for a room and liquor; that without deciding upon the exact rate he told appellant he was willing to pay for the prostitute; that appellant thereafter offered him the choice of taking a cab or walking to the place of assignation and he chose to walk; that it was agreed that he follow appellant at a distance of about a block; and that they walked in this fashion for some seven or eight blocks to a street on which a hotel was located when appellant was placed under arrest by police officers.

■ The two principal elements of the crime of procuring are receipt of money and arranging an assignation. Sellers v. United States, D.C.Mun.App., 131 A.2d 300 (1957). An attempt to procure is made a crime by D.C.Code 1967, Section 22–103. In *Sellers,* appellant sought reversal of his conviction for attempted procuring on the ground of insufficiency of the evidence which showed that he neither received money nor produced any girls. We said in affirming:

An attempt to violate Section 22–2707, which is prohibited by Section 22–103, exists when there is any overt act done with the intent to commit the crime and which, except for the interference of some cause preventing the carrying out of the intent, would have resulted in the commission of the crime. Mere preparation is not an attempt, but preparation may progress to the point of attempt. Whether it has is a question of degree which can only be resolved on the basis of the facts in each individual case. [131 A.2d 300, 301]

■ In the instant case appellant and the complaining witness bargained until they had agreed upon an exchange of money, although uncertain in amount, for the services of a prostitute, and immediately thereafter appellant led the complaining

witness a considerable distance to a hotel unknown to him where the prostitute was supposedly waiting. At this point the police intervened and arrested appellant. We conclude that there was a pattern of acts by appellant unequivocally evidencing his intent to procure which at the time of the police intervention had proceeded far enough beyond mere preparation so as to constitute a substantial danger that the crime of procuring would have been committed by him but for such intervention. We hold that there is sufficient evidence in this record to support appellant's conviction for attempted procuring.

Affirmed.