COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Bumgardner and Humphreys
Argued at Salem, Virginia


TORRENCE LAMONT SMITH

                                            MEMORANDUM OPINION[*] BY
v.   Record No. 2319-00-3          JUDGE RUDOLPH BUMGARDNER, III
                                            NOVEMBER 20, 2001
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF THE CITY OF DANVILLE
                       James F. Ingram, Judge

              S. Jane Chittom, Appellate Defender (Public
              Defender Commission, on briefs), for
              appellant.

              Stephen R. McCullough, Assistant Attorney
              General (Randolph A. Beales, Attorney
              General, on brief), for appellee.


     The trial court convicted Torrence Lamont Smith of robbery

and attempted forcible sodomy.  He maintains the evidence was

insufficient to convict him of attempted forcible sodomy.  We

conclude the evidence proved the attempt and affirm the

conviction.

     Late at night, the defendant approached the victim as she

climbed the stairs to her apartment.[1]  The victim recognized the

_____

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

        [1] "On appeal, 'we review the evidence in the light most
favorable to the Commonwealth, granting to it all reasonable
inferences fairly deducible therefrom.'"  Archer v.
Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997)
(citation omitted).

defendant but did not know him by name.  He asked to use her bathroom, and she let the defendant into her apartment.  Once inside the apartment, the defendant went to a window and started clicking an object in his pocket.  The victim thought the clicking noise was a gun.  The defendant stated, "I hate to say it but if you don't do what I say do, I'm gon' fuck you up."  He then said, "Suck my dick."

The victim fled downstairs, and the defendant pursued.  He caught her at the bottom of the stairs and started choking her when she screamed for help.  The defendant thrust his hand in the victim's throat to stop the screaming, so she started kicking her neighbor's door.  Eventually, the defendant twisted a necklace from the victim's neck and ran off.

The defendant concedes the evidence proves he intended to commit forcible sodomy.  He contends, however, that the evidence does not prove that he committed any act in furtherance of the sexual act.  He maintains to prove an attempt of a sex crime the evidence must show an act of a sexual nature.

"'An attempt is composed of two elements:  the intention to commit the crime, and the doing of some direct act towards its consummation which is more than mere preparation but falls short of execution of the ultimate purpose.'"  Hopson v. Commonwealth, 15 Va. App. 749, 752, 427 S.E.2d 221, 223 (1993) (quoting Sizemore v. Commonwealth, 218 Va. 980, 983, 243 S.E.2d 212, 213

-

(1978)).  Although the Commonwealth must prove an overt act in order to establish an attempt, "if 'the design of a person to commit a crime is clearly shown, slight acts done in furtherance of this design will constitute an attempt.'"  Tharrington v. Commonwealth, 2 Va. App. 492, 494, 346 S.E.2d 337, 339 (1986) (quoting State v. Bell, 316 S.E.2d 611, 616 (N.C. 1984)).

In this case, the defendant entered the victim's apartment by trickery and threatened to hurt her if she did not do as he commanded.  He stated his intentions explicitly.  When his victim ran, he caught her, and attacked violently.  Only the victim's indomitable resistance prevented the defendant from subduing her.

Forcible sodomy is a crime of violence that an accused must accomplish by force and against the will of the victim.  In this case, the defendant announced his intention to commit sodomy by force.  When the victim resisted, he proceeded to apply force to subdue her to his will just as he stated he would.  Those acts were direct acts toward consummation of the crime, not mere preparation.  The evidence proved "direct ineffectual acts toward the commission of the offense . . . ."  Martin v. Commonwealth, 195 Va. 1107, 1112, 81 S.E.2d 574, 577 (1954).  "Neither the ineffectuality of [the defendant's] acts nor the prevention of performance . . . was of a kind to rid his acts of their criminal character."  Id. (citation omitted).

-

The evidence was sufficient to prove beyond a reasonable doubt that the defendant committed attempted forcible sodomy. Accordingly, we affirm.

<u>Affirmed.</u>