COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bumgardner and Clements
Argued at Richmond, Virginia


ROBERT TERRELL JACKSON

MEMORANDUM OPINION[*] BY
v.    Record No. 1266-01-2       JUDGE RUDOLPH BUMGARDNER, III
                                           JULY 30, 2002
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF LOUISA COUNTY
Daniel R. Bouton, Judge

John R. Maus for appellant.

John H. McLees, Senior Assistant Attorney
General (Jerry W. Kilgore, Attorney General,
on brief), for appellee.


Robert Terrell Jackson appeals his conviction of attempted

malicious wounding arguing the evidence was insufficient.  He

also contends the trial court erred in revoking an earlier

suspended sentence because of this new conviction.  Finding no

error, we affirm.

We review the evidence in the light most favorable to the

Commonwealth granting it all reasonable inferences arising from

it.  Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d

415, 418 (1987).  The victim was surveying for the Department of

Transportation.  He parked on the defendant's property and began

removing surveying instruments from his van.  Suddenly the

_____

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

defendant appeared screaming and holding a machete above his head.  The defendant screamed that he was going to cut the victim's head off, and came within two feet of the victim as he yelled, "I'll kill your ass right here."  The defendant repeatedly raised and lowered the machete over the victim's head as if to strike him and came within eight to ten inches of doing so.  The victim tried to get back to his van and leave.  After two to three minutes, he finally got into his van, hurriedly left, and called the police.  The defendant never struck the victim.

"[A]n attempt is an unfinished crime, and is compounded of two elements, the intent to commit the crime and the doing of some direct act towards its consummation, [more than mere preparation,] but falling short of the execution of the ultimate design . . . ."  Martin v. Commonwealth, 195 Va. 1107, 1110, 81 S.E.2d 574, 576 (1954).  Although the Commonwealth must prove an overt act in order to establish an attempt, if

> "the design of a person to commit a crime is
> clearly shown, slight acts done in
> furtherance of this design will constitute
> an attempt, and this court will not destroy
> the practical and common sense
> administration of the law with subtleties as
> to what constitutes preparation, and what an
> act done toward the commission of a crime."

Id. at 1112, 81 S.E.2d at 577 (quoting Stokes v. State, 46 So. 627, 629 (Miss. 1908)).

The defendant contends the evidence failed to prove he intended to maim the victim though the defendant repeatedly stated that he intended to kill and maim the victim. Such explicit statements of intention provide piercing insight into the defendant's state of mind. While stating an intent to kill and maim, the defendant approached the victim waving a lethal weapon. He repeatedly raised and lowered it as if he was going to hit the victim and brought it within inches of the victim's head. Such evidence permits a finding that the defendant had the specific intent to commit the crime he vocalized.

The defendant argues the fact that he did not injure the victim shows he merely wanted him to leave his property. The victim evaded the defendant and got into his van, but the defendant never abandoned his attack. The defendant's words and acts never abated before the victim reached safety and drove for help. The trial court could find the victim escaped to safety before the defendant could consummate the crime by cleaving the victim's head. The defendant's actions "need not be the last proximate act towards the consummation of the crime in contemplation." Martin, 195 Va. at 1110, 81 S.E.2d at 576. To commit an attempt, the defendant did not have to do the last act, striking the victim with the machete. See Sizemore v. Commonwealth, 218 Va. 980, 986, 243 S.E.2d 212, 216 (1978).

The Commonwealth's evidence was sufficient to prove attempted malicious wounding beyond a reasonable doubt. That

- 3 -

conviction also supported the finding that the defendant violated his probation.  Accordingly, we affirm the trial court.

Affirmed.
