COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, McCullough and Senior Judge Willis
Argued by teleconference


RODNEY GERALD GALLIER

v.      Record No. 0826-11-3

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE JERE M.H. WILLIS, JR.
MARCH 6, 2012


FROM THE CIRCUIT COURT OF AMHERST COUNTY
J. Michael Gamble, Judge

Killis T. Howard for appellant.

Craig W. Stallard, Assistant Attorney General (Kenneth T. Cuccinelli, II, Attorney General, on brief), for appellee.


On appeal from his conviction for attempted aggravated sexual battery in violation of Code §§ 18.2-67.3, 18.2-67.5, and 18.2-67.10, Rodney Gerald Gallier contends the trial court erred:  (1) in misstating the rule regarding rehabilitating a witness with prior consistent statements; (2) in allowing an unimpeached witness to be rehabilitated with prior consistent statements; (3) in admitting evidence of an alleged prior bad act; and (4) in finding the evidence sufficient to prove the intent required by Code §§ 18.2-67.3 and 18.2-67.10(6).  We affirm the judgment of the trial court.

Background

Gallier was a bus driver for the Amherst County public school system.  Prior to the incident on trial, he had been the victim's school bus driver for four years.  On the morning of March 17, 2010, St. Patrick's Day, the ten-year-old victim was the last student in line to exit the school bus. She was holding her jacket in front of her.  She testified that just after the child in front of her exited

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

the bus, Gallier closed the door, leaving only himself and her on the bus. She said Gallier took her jacket and "started poking" the outside of her clothing in the areas of her breasts and her "privates." She said she told him to stop and to let her off the bus and that she then moved to the first step of the bus. She stated that Gallier stood up and "started poking [her] again." She said he had a "weird" expression on his face, which she described as "kind of like grinning." She testified that after the second touching incident, Gallier allowed her to exit the bus. She said she reported the incident to a friend and to her grandmother that day.

The victim also testified that a few weeks prior to the instant offense, while she was on the school bus, Gallier placed her on his lap and kissed her on the cheek.

The trial court viewed and heard a video recording showing the passengers exiting the bus at the time of the offense. The recording shows the victim walking to the front of the bus until she goes out of the camera's field of view. She then can be heard having a light-hearted verbal exchange with Gallier. However, her voice then changes to a more serious tone and she says, "No, let me out."

The victim's grandmother testified that the victim reported the offense to her on the date it took place. She said the victim "told [her] that [Gallier] poked her on her chest and then all over her stomach and then also in her private areas."

Gallier testified at the trial. When asked whether he touched the victim, he replied, "Not to my knowledge, no, sir." He denied that he closed the bus doors just before the victim was going to exit. He stated that he and the victim had a verbal exchange about wearing the color green on St. Patrick's Day and that the victim pinched his arm because he was not wearing green. He stated he grabbed the victim's jacket and "went like [he] was going to get her," and the victim stated, "You better not. You better not." He testified he indicated the victim should exit the bus, but she refused to do so. He said he very briefly closed the bus doors and opened them again when the victim said,

"Let me off." He testified he returned the victim's jacket and she exited the bus. He admitted he had kissed the victim on the cheek on a prior occasion.

The trial court found the victim to be a credible witness, stating she was "one of the most articulate children of her age [the court had] ever heard testify." In addition, the trial court noted that the recording from the video camera on the bus showed the victim's tone of voice was initially light-hearted and teasing, and then it changed to a serious quality toward the end of the encounter, indicating "something had happened there." The trial court found Gallier guilty of attempted aggravated sexual battery.

<u>Analysis</u>

In his first assignment of error, Gallier asserts that the trial court erred "in misstating the rule regarding rehabilitating a witness with prior consistent statements." However, his brief does not address this assertion. Rather, he argues only that the trial court erred in admitting certain testimony as a prior consistent statement. An appellant's opening brief shall contain "the argument (including principles of law and authorities) relating to each assignment of error." Rule 5A:20(e). Because Gallier's brief contains no argument relating to the first assignment of error, we do not address that issue.

Gallier's second assignment of error alleges: "The trial court erred in allowing a witness to be rehabilitated with prior consistent statements where the witness had not been impeached." He did not present this argument to the trial court. Rather, his objection to a question posed to the victim's grandmother concerning the details of the victim's complaint, argued only, "Your Honor, I'm going to object to that. It's a prior complaint. It's admissible to corroborate that a complaint was made to explain any delay. The details of the complaint are not admissible." Gallier's argument to the trial court addressed only the substance of a victim's recent complaint, not rehabilitation of a witness with prior consistent statements.

"The Court of Appeals will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998). See Rule 5A:18. Accordingly, Rule 5A:18 bars our consideration of this issue on appeal.

> Although Rule 5A:18 allows exceptions for good cause or to meet the ends of justice, appellant does not argue that we should invoke these exceptions. See e.g., Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997) ("In order to avail oneself of the exception, a *defendant must affirmatively show* that a miscarriage of justice has occurred, not that a miscarriage might have occurred." (emphasis added)). We will not consider, *sua sponte*, a "miscarriage of justice" argument under Rule 5A:18.

Edwards v. Commonwealth, 41 Va. App. 752, 761, 589 S.E.2d 444, 448 (2003) (*en banc*).

In his third assignment of error, Gallier asserts the trial court erred by admitting evidence of an alleged prior bad act--that he previously kissed the victim on the cheek.

The victim testified that a few weeks prior to the incident, Gallier kissed her on the cheek. Gallier lodged no objection to the admission of this evidence. Furthermore, on cross-examination, he questioned the victim about the kissing incident.

"No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." Rule 5A:18. Accordingly, Rule 5A:18 bars our consideration of this issue. "We will not consider, *sua sponte*, a 'miscarriage of justice' argument under Rule 5A:18." Edwards, 41 Va. App. at 761, 589 S.E.2d at 448.

Finally, Gallier asserts that the evidence was insufficient to prove he had the intent to molest, arouse or gratify any person required by Code § 18.2-67.10(6).

"On appeal, 'we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.'" Archer v. Commonwealth,

26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (quoting Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987)).

Gallier was convicted of attempting to commit aggravated sexual battery. Code § 18.2-67.3 defines aggravated sexual battery, in relevant part, as the "sexual abuse" of a victim who is less than thirteen years old. Code § 18.2-67.10(6) defines "sexual abuse" as "an act committed with the intent to sexually molest, arouse, or gratify any person" where "[t]he accused intentionally touches the complaining witness's intimate parts or material directly covering such intimate parts." "Intimate parts" is defined in Code § 18.2-67.10(2) as "the genitalia, anus, groin, breast, or buttocks of any person." "It is well settled in this jurisdiction that . . . an attempt is an unfinished crime, and is compounded of two elements, the intent to commit the crime and the doing of some direct act towards its consummation, but falling short of the execution of the ultimate design." Martin v. Commonwealth, 195 Va. 1107, 1110-11, 81 S.E.2d 574, 576 (1954).

> The specific intent to commit [a crime] may be inferred from the conduct of the accused if such intent flows naturally from the conduct proven. Where the conduct of the accused under the circumstances involved points with reasonable certainty to a specific intent to commit [the crime], the intent element is established.

Wilson v. Commonwealth, 249 Va. 95, 101, 452 S.E.2d 669, 674 (1995).

The victim testified Gallier closed the bus door just as she was going to exit the bus, leaving only the two of them on the bus. She stated he then touched the clothing covering her breasts and "privates" on two separate occasions. She testified he had a "weird" look on his face, as though he were "grinning." Gallier had previously placed the victim on his lap and kissed her cheek.

The trial court specifically stated it accepted the testimony of the victim, finding her to be "articulate."

The conclusions of the fact finder on issues of witness credibility may only be disturbed on appeal if we find that the witness' testimony was "inherently incredible, or so contrary to human experience as to render it unworthy of belief." Fisher v. Commonwealth, 228 Va. 296, 299-300, 321 S.E.2d 202, 204 (1984). Thus, the testimony of a single witness, if found credible by the trial court and not found inherently incredible by this Court, is sufficient to support a conviction.

McCary v. Commonwealth, 36 Va. App. 27, 41, 548 S.E.2d 239, 246 (2001).

"The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995). The testimony of the victim was competent and was not inherently incredible. Furthermore, "a conviction for . . . sexual offenses may be sustained solely upon the uncorroborated testimony of the victim." Wilson v. Commonwealth, 46 Va. App. 73, 87, 615 S.E.2d 500, 507 (2005).

In addition, the trial court viewed and heard the video recording and found it disclosed that "something . . . happened" on the bus. It based this finding on the variation in the tone of the victim's voice, which changed as the encounter progressed and ended with the victim's plea to "let me out" of the bus. The trial court did not accept Gallier's explanation of the event. The trier of fact is not required to accept a witness' testimony, but is free to "rely on it in whole, in part, or reject it completely." Rollston v. Commonwealth, 11 Va. App. 535, 547, 399 S.E.2d 823, 830 (1991).

The evidence supports the trial court's conclusion beyond a reasonable doubt that Gallier touched the material directly covering the victim's intimate parts with the intent to sexually molest, arouse, or gratify any person. Accordingly, the evidence supports his conviction.

For the foregoing reasons, we affirm the judgment of the trial court.

Affirmed.