FRED W. JOHNSON, ALIAS, ETC. V. COMMONWEALTH OF VIRGINIA.

October 14, 1968.

Record No. 6768.

Present, All the Justices.

*James Woolls* for plaintiff in error.

*A. R. Woodroof, Assistant Attorney General (Robert Y. Button, Attorney General,* on brief), for defendant in error.

BUCHANAN, J., delivered the opinion of the court.

On an indictment charging him with attempted robbery of a taxi-cab driver, Fred W. Johnson, alias Robert Hopkins, was found guilty by a jury which fixed his punishment at five years in the penitentiary and he was sentenced accordingly. He was granted a writ of error and here contends that the indictment did not sufficiently charge attempted robbery, that the evidence was not sufficient to support the verdict, and that the court erred in refusing one of his instructions.

The offense was alleged to have been committed on the night of June 30, 1963, but after the defendant was arraigned on the indict-ment on September 6, 1963, he escaped from custody and was not returned to the city of Alexandria until December 7, 1966. On his trial on February 16, 1967, the only witnesses who testified were the taxicab driver and the arresting officer. Their testimony was as fol-lows:

About 10:45 p.m. on June 30, 1963, taxicab driver William G. Evans picked up defendant, as a fare, at the corner of Mt. Vernon avenue and Glebe road, in Alexandria. Defendant got into the back seat of the taxicab from the curb side (through the right rear door) but slid over behind the driver, which Evans said was unusual because "a normal passenger would sit just as he got in the door." Defendant asked to be taken to the Alexandria Skating Rink. Evans got the taxicab in the left turn lane and as he was making the turn he felt something sticking in his back and heard defendant say, "Don't get excited."

Evans did not know what the object sticking in his back was, but he said it was done with such force that he knew that an object was in his back. When he "realized that this was happening," he said, "I thought that I would go over the curb to jar him up," so he drove the taxicab off the left side of the road, over a curb and into a field. He then jumped from the taxicab and ran toward a telephone, but upon seeing defendant open the door of the taxicab and run, Evans returned to the cab and called the police by his radio.

After talking with Evans at the scene, Alexandria police officers Hall and Allen began cruising along the edge of a playground about a quarter of a mile from the corner of Mt. Vernon avenue and Glebe

road in an unmarked car. As they were driving along they heard a voice say, "I give up. Don't shoot."

On orders from Hall defendant came out from a swampy area with his hands up. A search of his person disclosed in his hip pocket a revolver and pieces of cord in another pocket. These were filed as exhibits.

At police headquarters after Evans had identified defendant as the man he had picked up, defendant told Evans he was "sorry he had done this."

Officer Hall said the "revolver" taken from defendant was a "blank pistol," the barrel of which was blocked.

Defendant first contends that the court erred in overruling his motion to quash the indictment which he says was insufficient to charge attempted robbery because no intent to rob was alleged.

The indictment, in pertinent part, charged that defendant, on June 30, 1963, "feloniously and violently did make an assault upon * * Evans by the presenting of firearms and other violence to the person and did then and there put * * Evans in bodily fear and danger of his life, and * * [defendant] did then and there feloniously and violently attempt to take, steal and carry away the goods and chattels of * * Evans against the peace and dignity of the Commonwealth."

The crime of robbery in Virginia is not defined by statute. Code § 18.1-91 fixes the punishments for robbery, but the definition of the crime is found in the common law. Robbery at common law is the taking, with intent to steal, of the personal property of another, from his person or in his presence, against his will, by violence or intimidation. *Pierce* v. *Commonwealth*, 205 Va. 528, 532, 138 S.E.2d 28, 31; *Mason* v. *Commonwealth*, 200 Va. 253, 254, 105 S.E.2d 149, 150.

Likewise, while the punishments for attempts to commit felonies are fixed by statute, Code §§ 18.1-16 through 18.1-18, what constitutes an attempt must be ascertained from the common law. An attempt in criminal law is an unfinished crime and is composed of two elements, the intent to commit the crime and the doing of some direct act toward its consummation, but falling short of the accomplishment of the ultimate design. *Martin* v. *Commonwealth*, 195 Va. 1107, 1110-11, 81 S.E.2d 574, 576, and cases there cited.

We said in *Merritt* v. *Commonwealth*, 164 Va. 653, 657, 180 S.E. 395, 397, that an indictment charging an attempt to commit a crime should charge both the intent and the overt act; but "we have

held that where the intent appeared as a part of the act alleged it need not be expressly stated." Citing *Cunningham's Case*, 88 Va. 37, 13 S.E. 309, and *Broaddus* v. *Commonwealth*, 126 Va. 733, 101 S.E. 321.

"In each of these, and other cases, it was held that the specific intent to commit the crime charged was sufficiently alleged and might be inferred, either from the nature of the act alleged or from the use of the word 'attempt' in the indictment, as 'attempt' embraces the full meaning of 'intent,' the only distinction between an 'intent' and an 'attempt' as used was that the former implies purpose only, while the latter implies both purpose and the effort to carry that purpose into effect." 164 Va. at 657, 180 S.E. at 397.

The indictment in the present case charged an assault by defendant on Evans by firearms and other violence in an attempt to steal his goods and chattels by putting him in bodily fear and danger of his life. An attempt to steal from the person by putting the person in bodily fear and in danger of his life necessarily charges an intent to rob, just as in *Broaddus, supra*, a charge of assault and attempt to ravish charged an intent to rape.

However, defendant argues that the indictment in the present case alleges only an assault, as this court held the indictment did in *Merritt* v. *Commonwealth, supra*. In that case the indictment charged that Merritt attempted to commit murder by feloniously and maliciously pointing a pistol at Trull, who was in shooting distance of the pistol. We said that even if the jury so believed, they would not be justified in finding him guilty of attempted murder unless they believed he then had the purpose to murder and the act was done in furtherance of that specific intent. Consequently, the indictment alleged only an assault.

The indictment in the present case charged both assault on Evans by presenting firearms and other violence and putting him in bodily fear in the felonious attempt to steal his goods and chattels. It was much more than an indictment for an assault.

An indictment should clearly apprise the accused of the crime with which he is charged so as to enable him to prepare his defense thereto and permit him to plead his conviction or acquittal in bar of any future prosecution for the same offense. *Dean* v. *Commonwealth*, 189 Va. 426, 431, 53 S.E.2d 141, 143. 9 Mich. Jur., Indictments, etc., § 20, p. 662.

We hold that the indictment in the present case met these requirements and the trial court did not err in refusing to quash it.

■ Defendant next contends that the court erred in refusing to grant his motion to strike the Commonwealth's evidence or to set aside the verdict because the evidence was insufficient to support a conviction of attempted robbery. He argues that the intent to rob and the overt acts charged in the indictment were not proved.

Intent is the purpose formed in a person's mind and may be, and frequently is, shown by circumstances. It is a state of mind which may be proved by a person's conduct or by his statements. *Howard v. Commonwealth*, 207 Va. 222, 228, 148 S.E.2d 800, 804.

The evidence on which the jury found the defendant guilty is stated above.

Defendant's purpose began to reveal itself when he got into the cab and moved across to put himself behind the driver, Evans. Almost immediately he thrust a pistol against Evans' back and commanded Evans not to get excited. Evans' reaction was not the one commanded. He immediately ran his cab across the curb into a field, jumped out and started back to the intersection to telephone. At the unexpected developments the defendant jumped out of the cab and ran and hid himself. When he saw the officers searching and evidently realized that an attempt to escape was too dangerous to undertake, he called out to them that he gave up and not to shoot him, and he thereupon came out of the swamp with his hands up. After his arrest he told Evans he was sorry for what he had done. He made no excuse and offered no explanation of his acts, nor of his possession of the pistol and cords in his pockets.

"* * The inferences to be drawn from proved facts are within the province of the jury, or the court trying the case without a jury, so long as the inferences are reasonable and justified." *Webb v. Commonwealth*, 204 Va. 24, 34, 129 S.E.2d 22, 29.

We hold that the inferences drawn by the jury from these proved facts were reasonable and justified and their verdict finding the defendant guilty of an attempt to rob Evans was supported by the evidence.

That it is possible to surmise or imagine that he had some other purpose different from that found by the jury is not enough to overcome the reasonable and justified conclusion of the jury that the evidence showed that he intended to rob the cab driver. *Cf. Ingram v. Com-*

*monwealth,* 192 Va. 794, 799-801, 66 S.E.2d 846, 849-50. See also *Martin* v. *Commonwealth, supra,* 195 Va. 1107, 1112, 81 S.E.2d 574, 577.

Defendant finally contends that the court erred in refusing his Instruction A, which would have told the jury that in order to convict the defendant "it is necessary that the prosecution establish that the alleged weapon produced into evidence is one which throws a projectile or missile to a distance by the force of gun powder or some other explosive. If the jury find that the object introduced into evidence does not project a missile, then the defendant would not be guilty of the charges placed against him."

Defendant argues that because the pistol alleged to have been used by him had a blocked barrel and fired only blank cartridges, it was not a firearm as alleged in the indictment. But the taxicab driver did not know what kind of pistol it was. The victim of a holdup is not required to know whether the gun pointed at him is loaded or whether it shoots bullets or blanks. If he is sensible he acts on appearances. A toy pistol has been held sufficient to sustain the allegation of robbery with firearms. *Smith* v. *State,* 378 P.2d 790, 792 (Okla. Ct. of Crim. App., 1963); and see Annotation, 61 A.L.R.2d 996, A.L.R.2d Later Case Service supplementing 56-63 A.L.R.2d, at p. 431. The instruction was properly refused.

The judgment of the trial court is affirmed.

*Affirmed.*