COURT OF APPEALS OF VIRGINIA


Present: Chief Judge Moon, Judges Benton, Coleman, Willis,
        Elder, Bray, Fitzpatrick, Annunziata and Overton
Argued at Richmond, Virginia


DAMARCUS MANDELL BROWN, S/K/A
  DEMARCUS M. BROWN
                                        OPINION BY
v.          Record No. 1341-94-2   JUDGE ROSEMARIE ANNUNZIATA
                                         MARCH 11, 1997
COMMONWEALTH OF VIRGINIA


                   UPON REHEARING EN BANC

     FROM THE CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE
                    Jay T. Swett, Judge

          Bruce R. Williamson, Jr. (Daniel J. Meador,
          Jr.; Williamson & Toscano; Morin & Barkley,
          on brief), for appellant.

          Thomas C. Daniel, Assistant Attorney General
          (James S. Gilmore, III, Attorney General, on
          brief), for appellee.



     Following a jury trial, appellant, Damarcus Mandell Brown,

s/k/a DeMarcus M. Brown, was convicted of robbery in violation of

Code § 18.2-58.  On appeal, Brown argued that the trial court

erred in refusing to instruct the jury on attempted robbery.  By

memorandum opinion issued November 21, 1995, in Damarcus Mandell

Brown, s/k/a DeMarcus M. Brown v. Commonwealth of Virginia,

Record No. 1341-94-2, a panel of this Court affirmed appellant's

conviction.  On appellant's motion, we stayed the mandate of that

decision and granted a rehearing en banc.  Upon rehearing en

banc, the judgment of the trial court is affirmed.  Accordingly,

the stay of this Court's mandate is lifted, and the mandate is

reinstated.

As Michael Murphy walked down an alley, appellant approached him from behind and stated "give me your money." Murphy ignored the comment and kept walking. Appellant demanded Murphy's money a second time, in a "stern" voice. This time, Murphy turned to find Brown pointing a handgun at him, eighteen inches from Murphy's head. Appellant again stated "give me your money." Knowing he had no money in his wallet, Murphy answered, "You've got the wrong guy." Appellant responded, "Give me your wallet." Murphy then handed appellant his wallet, stating again that he had no money. Appellant looked in the wallet and, seeing no money in it, threw it to the ground as he backed away.

At trial, appellant requested that the court instruct the jury on attempted robbery. The court denied his request. Under the undisputed facts of this case, we find that the trial court correctly refused to grant the attempted robbery instruction.

Robbery is defined at common law as "`the taking, with intent to steal, of the personal property of another, from his person or in his presence, against his will, by violence or intimidation.'" E.g., Beard v. Commonwealth, 19 Va. App. 359, 361-62, 451 S.E.2d 698, 699-700 (1994) (quoting Johnson v. Commonwealth, 209 Va. 291, 293, 163 S.E.2d 570, 572-73 (1968)). The degree of asportation of the property need only be slight. E.g., id. at 362, 451 S.E.2d at 700. The intent to steal means the intent to deprive the owner permanently of his property. Pierce v. Commonwealth, 205 Va. 528, 532-33, 138 S.E.2d 28, 31

(1964).  Personal property is anything of value, but the value of the stolen item is not an element of the crime.  Id. at 532, 138 S.E.2d at 31.

An attempt is an "unfinished crime, composed of . . . the intent to commit the crime and the doing of some direct act toward its consummation, but falling short of the accomplishment of the ultimate design."  See Johnson v. Commonwealth, 209 Va. 291, 293, 163 S.E.2d 570, 573 (1968).  Where more than a scintilla of credible evidence tends to support a lesser offense, the trial court errs in refusing to instruct the jury thereon. E.g., Miller v. Commonwealth, 5 Va. App. 22, 24, 359 S.E.2d 841, 842 (1987).

Here, no evidence supports an attempted robbery instruction, because the record indisputably shows that appellant completed the crime.  Through the use of force, appellant demanded and received Murphy's wallet with the intent to deprive him permanently of his money.  His direct acts did not fall short of the accomplishment of the ultimate design.  The fact that the wallet contained no money and was thereafter abandoned does not nullify appellant's intent to deprive Murphy of his money when he demanded and received the wallet.  See Whalen v. Commonwealth, 90 Va. 544, 549, 19 S.E. 182, 183 (1894).

Accordingly, we affirm the conviction.

Affirmed.

Moon, C.J., with whom Benton, and Bray, J.J., join, dissenting.

I agree that the evidence construed in the light most favorable to the Commonwealth supports a finding of a completed robbery. However, when deciding whether to grant a jury instruction the evidence should be construed in the light most favorable to the defendant. Blondel v. Hays, 241 Va. 467, 469, 403 S.E.2d 340, 341 (1991). Because the evidence is open to the interpretation that Brown intended to steal only money from the victim but was foiled after discovering that the victim had no money, I would hold that the trial court erred by not granting Brown's proffered instruction on attempted robbery.

"[W]hen considering on appeal whether an instruction was properly refused, `[i]t is immaterial that the jury could have reached contrary conclusions.' `[I]f there is evidence tending to support the lesser offense, a trial court errs in refusing an instruction thereon.'" Bellfield v. Commonwealth, 11 Va. App. 310, 313-14, 398 S.E.2d 90, 92 (1990) (citations omitted). Robbery is defined at common law to be "the taking, with intent to steal, of the personal property of another, from his person or in his presence, against his will, by violence or intimidation." Mason v. Commonwealth, 200 Va. 253, 254, 105 S.E.2d 149, 150 (1958). The intent to steal means the intent to permanently deprive the owner of his property. Pierce v. Commonwealth, 205 Va. 528, 138 S.E.2d 28 (1964).

Here the focus of this Court's inquiry should be on Brown's

4

intent.  That Brown actually took the wallet and used violence or intimidation to secure dominion and control over the wallet are facts beyond dispute.  However, whether Brown took the wallet with the intent to steal it is debatable.  The question is whether there was credible evidence that Brown took the wallet, not with the intent to permanently deprive Murphy of the wallet, but to search the wallet for cash.  The evidence is that Brown first demanded money.  When Murphy told Brown that he had no money, Brown demanded the wallet, looked in the wallet, and discarded it after finding it empty.  Because the jury, considering all of the circumstances, could have believed Brown only wanted to see if there was money in the wallet and had no intent to permanently deprive Murphy of the wallet, I would hold that an instruction on attempted robbery should have been given.

Therefore, I would reverse and remand.