PRESENT: Carrico, C.J., Lacy, Hassell, Keenan, Koontz, and Kinser, JJ., and Stephenson, S.J.

DESHON W. PITT

                                        OPINION BY
v.  Record No. 000107    SENIOR JUSTICE ROSCOE B. STEPHENSON, JR.
                                       November 3, 2000
COMMONWEALTH OF VIRGINIA


                 FROM THE COURT OF APPEALS OF VIRGINIA


     In this appeal, we consider the defendant's claim that the trial court committed reversible error in admitting into evidence a co-defendant's statement to police.

                                   I

     A jury in the Circuit Court of the City of Virginia Beach convicted the defendant, Deshon W. Pitt, of attempted robbery and fixed his punishment at ten years' imprisonment and a fine of $50,000.  The trial court's judgment approved the jury's verdict.

     Pitt appealed the judgment to the Court of Appeals, and a panel of the Court affirmed the conviction.  Following a hearing en banc, the trial court's judgment was again affirmed, without opinion, by an evenly-divided Court.  Pitt v. Commonwealth, 31 Va. App. 173, 521 S.E.2d 790, vacating 28 Va. App. 730, 508 S.E.2d 891 (1999).  We awarded Pitt this appeal.

                                  II

On May 29, 1996, about 4:00 a.m., Randy Williams, the victim, was walking alone on Birdneck Road in the City of Virginia Beach. While Williams was in the process of turning onto Virginia Beach Boulevard, three men on bicycles approached him. Two of the men rode past Williams, but the third man, Pitt, stopped and spoke. Pitt asked Williams if he was "looking," and Williams believed that Pitt was referring to drugs. Williams told Pitt that he was not interested, and Pitt rode away.

Williams then crossed the street to a service station. He took a $20 bill from his pocket, folded it, and put it in his mouth because he believed "[s]omething was going to happen."

A short time later, Pitt and one of the other riders, Lambert L. Bonds, Pitt's co-defendant, again approached Williams. They began to follow Williams and ask him "crazy questions about drugs." Williams continued to walk down the street, and he told the two men that he did not "do" drugs.

Williams crossed the street, and, after Pitt and Bonds passed a building on a street corner, Williams "cut back" to avoid further contact with the two men. About that time, however, Pitt jumped off his bicycle, grabbed Williams, and began to wrestle with him. Bonds then joined in the struggle and helped to hold Williams down while Pitt "was sticking his

2

hands in [Williams'] mouth." About that time, the police arrived at the scene and apprehended Pitt and Bonds.

Pitt and Bonds gave statements to a police detective after being advised of and waiving their Miranda rights. Pitt told the detective that he had struggled with Williams in an attempt to retrieve cocaine from Williams' mouth. Pitt explained that he, with Bonds' help, had gotten Williams to the ground and that he had tried to pry open Williams' mouth with his hands.

Bonds told the detective that, when Pitt and Williams got into a struggle, he tackled both men. Bonds explained that he did this because Williams "was getting the better of Pitt." Bonds also said that, as he helped to hold Williams, Pitt tried to open Williams' mouth to get cocaine. Over Pitt's objection, Bonds' recorded statement was played to the jury at trial.

### III

The trial court ordered a joint trial for Pitt and Bonds over Pitt's objection. Pitt contended that he and Bonds would be prejudiced by a joint trial because each had given a statement to police that could not be used against the other. At the joint trial, the two statements were admitted into evidence, but the trial court instructed the jury that each defendant's statement was not evidence against the other and could not be considered in determining the other's guilt or innocence.

On appeal, Pitt contends that his Sixth Amendment right of confrontation was compromised because Bonds' statement was not subject to cross-examination.[*] The Commonwealth counters that Pitt's right of confrontation was not violated because Bonds' statement was inherently reliable and was fully corroborated by other evidence, including Pitt's own statement to police. In the alternative, the Commonwealth contends that "any conceivable error was harmless beyond a reasonable doubt."

We will assume, without deciding, that the admission into evidence of Bonds' statement in the circumstances of this case constituted error. Our inquiry, then, is whether the error was harmless.

When a federal constitutional error is involved, a reversal is required unless the reviewing court determines that the error is harmless beyond a reasonable doubt. Chapman v. California, 386 U.S. 18, 24 (1967). The reviewing court must determine " 'whether there is a reasonable possibility that the evidence complained of might have contributed to the conviction.' " Id. at 23 (quoting Fahy v. Connecticut, 375 U.S. 85, 86-87 (1963)). In making that determination, the court must consider, among other factors, "the importance of the tainted evidence in the

_____

[*] Amendment VI to the Constitution of the United States provides, in pertinent part, that an accused "shall enjoy the right . . . to be confronted with the witnesses against him."

4

prosecution's case, whether that evidence was cumulative, the presence or absence of evidence corroborating or contradicting the tainted evidence on material points, and the overall strength of the prosecution's case."  Lilly v. Commonwealth, 258 Va. 548, 551, 523 S.E.2d 208, 209 (1999) (citing Delaware v. Van Arsdall, 475 U.S. 673, 684 (1986)).

To convict Pitt of attempted robbery, the Commonwealth is required to prove beyond a reasonable doubt that Pitt intended to steal personal property from Williams, against his will, by force, violence, or intimidation.  Additionally, the Commonwealth must prove beyond a reasonable doubt that Pitt committed a direct, but ineffectual, act to accomplish the crime.  See Johnson v. Commonwealth, 209 Va. 291, 293, 163 S.E.2d 570, 572-73 (1968).

In the present case, Williams, the victim, positively identified Pitt as his principal assailant a short time after the offense had been committed, and Pitt was apprehended near the crime scene.  More importantly, Pitt's own statement to police confirmed that he had attacked and struggled with Williams with intent to steal some personal property from Williams' mouth.  Pitt admitted that he had attempted to pry Williams' mouth open to get what he thought was cocaine.  On these material points, Pitt's statement is consistent with Bonds' statement.

Clearly, Bonds' statement was not important to the Commonwealth's case; it was, at most, merely cumulative. Moreover, all of the other evidence tended to corroborate, rather than contradict, Bonds' statement on material points. Indeed, the evidence as a whole, excluding Bonds' statement, overwhelmingly proved that Pitt is guilty of attempted robbery. We conclude, therefore, that there was no reasonable possibility that Bonds' statement might have contributed to Pitt's conviction.  Thus, we hold that, even if the admission of Bonds' statement compromised Pitt's right of confrontation, the error, in the circumstances of this case, was harmless beyond a reasonable doubt.

Accordingly, the Court of Appeals' judgment will be affirmed.

Affirmed.