COURT OF APPEALS OF VIRGINIA


Present: Judges Elder, Frank and Felton
Argued at Richmond, Virginia


KEVIN JOHAN BROWN

MEMORANDUM OPINION[*] BY
v.   Record No. 1189-02-2        JUDGE WALTER S. FELTON, JR.
                                         MAY 13, 2003
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE
Edward L. Hogshire, Judge

Neal L. Walters (University of Virginia
School of Law Appellate Litigation Clinic, on
briefs), for appellant.

Michael T. Judge, Assistant Attorney General
(Jerry W. Kilgore, Attorney General, on
brief), for appellee.


Kevin Johan Brown ("Brown") was convicted in a bench trial of

forging a public document in violation of Code § 18.2-168.  On

appeal, Brown contends that the evidence was insufficient to

establish, beyond a reasonable doubt, that he had the specific

intent to defraud or deceive the Commonwealth when he signed his

brother's name to a DMV Suspension Notice.  For the following

reasons, we affirm the decision of the trial court.

I.  BACKGROUND

In the early hours of the morning on January 13, 1999, Brown

was installing a cassette stereo in a vehicle he had purchased

_____

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

with his brother, Richard L. Stinnie, Jr. ("Stinnie"). The vehicle was registered in Stinnie's name because Brown did not have a valid driver's license. At approximately 1:30 a.m., Officer Catherine Birch of the Charlottesville Police Department was patrolling the Hardy Drive area of Charlottesville. She observed a vehicle with an opened door parked near an apartment complex, but it was not in a proper parking space. Because there had been several recent robberies in the area, Officer Birch stopped her police cruiser behind the parked vehicle and checked the vehicle's registration by "running" its license plate. While retrieving the vehicle's license plate information, Officer Birch noticed a person moving around inside the vehicle. The license plate information revealed that the vehicle was registered to "Richard Lee Stinnie." In order to ensure that the person in the vehicle was also its owner and that the stereo was not being stolen, Officer Birch approached Brown and requested his identification and registration for the vehicle. Brown handed to Officer Birch, Stinnie's learner's permit, which he removed from his shirt pocket, and the vehicle's registration, which was in Stinnie's name. While running the license check, Officer Birch discovered that Stinnie's learner's permit was suspended. She asked Brown if he knew that his learner's permit was suspended, and he said no. Officer Birch then filled out a Virginia Department of Motor Vehicles Suspension/Revocation/ Disqualification Notice form ("DMV Suspension Notice"), handed it

-

to Brown for acknowledgment of receipt, and informed Brown that he could not drive while his license was suspended. Brown signed the DMV Suspension Notice "Richard L. Stinnie" and returned the form to Officer Birch.

Officer Birch later discovered that the person who signed the form was Brown, not Stinnie. Brown was indicted on April 19, 1999 for felonious and fraudulent forgery of a public document in violation of Code § 18.2-168. On August 11, 1999, following a bench trial, the trial court entered an order finding Brown guilty. This appeal follows.

## II.  ANALYSIS

The sole issue before this Court is whether there was sufficient evidence to prove beyond a reasonable doubt that Brown intended to defraud the Commonwealth when he signed his brother's name to the DMV Suspension Notice. Brown argues that the evidence on the record is insufficient because he (1) testified that he did not so intend, and (2) had no motive to defraud the Commonwealth. The record reflects otherwise.

## A.  STANDARD OF REVIEW

Whether Brown intended to defraud the Commonwealth by signing Stinnie's name to the DMV Suspension Notice is a question of fact. See Hancock v. Commonwealth, 12 Va. App. 774, 783, 407 S.E.2d 301, 306 (1991) (citing Nobles v. Commonwealth, 218 Va. 548, 551, 238 S.E.2d 808, 810 (1977)). "[A trial judge's] factual findings are entitled to the same weight as

-

that accorded a jury verdict and will not be disturbed on appeal unless plainly wrong or without evidence to support them." Schneider v. Commonwealth, 230 Va. 379, 382, 337 S.E.2d 735, 736 (1985) (citing Evans v. Commonwealth, 215 Va. 609, 613, 212 S.E.2d 268, 271 (1975); Granberry v. Commonwealth, 184 Va. 674, 678, 36 S.E.2d 547, 548 (1946)). On review, this Court considers the evidence in the record "in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deductible therefrom." Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987). The fact finder may make reasonable inferences from proven facts, Hancock, 12 Va. App. at 782-83, 407 S.E.2d at 306 (citing Johnson v. Commonwealth, 209 Va. 291, 295, 163 S.E.2d 570, 574 (1968)), and "[t]he mere possibility that the accused might have had another purpose than that found by the fact finder is insufficient to reverse a conviction on appeal." Id.

### B. SUFFICIENCY OF THE EVIDENCE

Code § 18.2-168 states:

> If any person forge a public record, or certificate, return, or attestation, of any public officer or public employee, in relation to any matter wherein such certificate, return, or attestation may be received as legal proof, or utter, or attempt to employ as true, such forged record, certificate, return, or attestation, knowing the same to be forged, he shall be guilty of a Class 4 felony.

-

(Emphasis added).  Forgery is a specific intent crime in Virginia, Campbell v. Commonwealth, 14 Va. App. 988, 990, 421 S.E.2d 652, 653 (1992), aff'd in part, 246 Va. 174, 431 S.E.2d 648 (1993); see Johnson v. Commonwealth, 37 Va. App. 634, 641, 561 S.E.2d 1, 4 (2002), and intent to defraud is a necessary element of the offense of forgery under Code § 18.2-168.  See Campbell, 14 Va. App. at 990, 421 S.E.2d at 653.

A conviction for forgery under Code § 18.2-168 requires the Commonwealth to prove beyond a reasonable doubt that Brown intended to defraud the Commonwealth by signing Stinnie's name to the DMV Suspension Notice.  "Intent to defraud" has been defined by this Court as acting "with an evil intent, or with the specific intent to deceive or trick."  Id.  Intent "may, and often must, be inferred from the facts and circumstances in a particular case."  Ridley v. Commonwealth, 219 Va. 834, 836, 252 S.E.2d 313, 314 (1979).  We must "'look to the conduct and representations of the defendant.'"  Rader v. Commonwealth, 15 Va. App. 325, 329, 423 S.E.2d 207, 210 (1992) (quoting Norman v. Commonwealth, 2 Va. App. 518, 519, 346 S.E.2d 44, 45 (1986)).

The trial court reasonably concluded from the evidence before it that Brown forged his brother's signature to prolong his deception of being the person whose license was given to the officer, or that the person whose license had been suspended was given personal notice of the suspension, by the officer.  Brown testified that when Officer Birch asked him who owned the

-

vehicle, he responded, "that it was mine," although he knew the vehicle was registered in Stinnie's name.  When asked by Officer Birch for identification, Brown gave her Stinnie's learner's permit.  Officer Birch found the learner's permit to be suspended and gave Brown a DMV Suspension Notice form.  Brown signed Stinnie's name to the form acknowledging receipt of notice, falsely representing to the officer that she had personally served the notice of suspension on Stinnie as the signatures on the form reflected.

Brown argues that he possessed an innocent state of mind when he signed the notice of suspension form.  He testified that he was upset about being questioned by Officer Birch and "just wanted her to go."  Furthermore, within one day of signing Stinnie's name on the DMV Suspension Notice, he informed his brother of the suspension.  Brown contends that this subsequent action evidences his innocent intent.  The trial judge reasonably discarded Brown's testimony.  The credibility and weight accorded to testimony of witnesses are determinations exclusively within the purview of the fact finder.  See Long v. Commonwealth, 8 Va. App. 194, 199, 379 S.E.2d 473, 476 (1989) (citing Barker v. Commonwealth, 230 Va. 370, 373, 337 S.E.2d 729, 732 (1985)).  The evidence supports the trial judge's finding that Brown intended Officer Birch to believe that he was Stinnie and that she had personally served the notice of suspension on Stinnie, as the form reflected.  So finding, the

-

court could conclude from the evidence that Brown was guilty of forgery under Code § 18.2-168 when he signed Stinnie's name on the DMV Suspension Notice.

Accordingly, the decision of the circuit court is affirmed.

<u>Affirmed.</u>