COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Felton, Judges Frank and Powell
Argued at Chesapeake, Virginia


DELANO JARRELL DREW

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 2289-08-1                      JUDGE CLEO E. POWELL
                                                    SEPTEMBER 22, 2009
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                              Patricia L. West, Judge

              Timothy John Quick for appellant.

              Craig Stallard, Assistant Attorney General (William C. Mims,
              Attorney General; Josephine F. Whalen, Assistant Attorney
              General II, on brief), for appellee.


         Delano Jarrell Drew ("Drew") was convicted of two counts of conspiracy, in violation of

Code § 18.2-22; robbery, in violation of Code § 18.2-58; attempted robbery, in violation of Code

§ 18.2-58; two counts of use of a firearm during the commission of a felony, in violation of Code

§ 18.2-53.1; and wearing a mask in public, in violation of Code § 18.2-422.  On appeal, Drew

argues that the evidence was insufficient "to convict [him] of the attempted robbery of Antonio

San Jose Gonzales, the use of a firearm during the commission of that attempted robbery, and the

conspiracy to commit that robbery, in the absence of the inadmissible hearsay testimony of

Rachel Morales proving the identity of the second victim" as Gonzales.[1]  Specifically, Drew

_____

         [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

         [1] Though Drew listed all of his convictions on his notice of appeal, we will consider only
those convictions that relate to his question presented.  See Rule 5A:12(c) (providing, in
pertinent part, that "[o]nly questions presented in the petition for appeal will be noticed by the
Court of Appeals").

argues that Morales learned Gonzales's identity from others and, therefore, her testimony that Gonzales was the victim of the attempted robbery she witnessed was inadmissible hearsay. Drew acknowledges that in the trial court he asserted that this objection applied only to attempted robbery and not to use of a firearm during the commission of a felony or conspiracy to commit robbery. He asks this Court to invoke either the ends of justice or good cause shown exceptions to Rule 5A:18 and consider these issues because the objection is "equally applicable" to the other two charges and Drew "should not be punished for counsel's failure to recognize" this. We disagree and, for the reasons that follow, we affirm Drew's convictions.

## I. BACKGROUND

On September 2, 2005, Rachel Morales and Antonio Gonzales stood in front of his home. As they talked, they noticed a red car drive past twice. Approximately five minutes later, two black men, wearing t-shirts wrapped like bandannas so that only their eyes and foreheads were exposed, approached them. Morales saw that the taller of the two men carried a gun.

The taller man approached Gonzales and ordered Gonzales to give him any items he had on his person. When Gonzales did not hand anything over, the taller man patted Gonzales down, found a pack of cigarettes, and threw it on the ground. He said to the shorter man, "Dee, search the car," and the shorter man complied. The taller man ordered Morales and Gonzales to walk away and not look back. As Morales walked away, she used her cell phone to call the police. Once the police arrived, Morales returned to her car and realized that her compact discs and purse were missing.

As part of his investigation, Detective Mark Laino spoke with Drew. During the conversation, Detective Laino explained to Drew that he had information that Drew may have been involved in some robberies with Barry Wilborne, who is significantly taller than Drew. The detective cautioned Drew that robbery is a violent crime – "only a trigger pull away from a

homicide." Drew explained that he had been at a friend's house and they were driving around when they saw some people standing outside. Drew told the detective "I told [Wilborne] we shouldn't rob them because we had driven past them two times and they saw us." Drew confessed that after he and Wilborne drove past Morales and Gonzales a couple of times, they parked. Drew said that he grabbed a t-shirt and put it around his face. When Detective Laino showed Drew a photograph of Morales's car, Drew agreed that the car looked like the one at the robbery. Drew said that Wilborne was the one who actually took Morales's purse and that Wilborne had the property because he had a newborn to support. In response to Detective Laino's offer to allow Drew to write a letter of apology, Drew said that he would prefer to apologize in person because it was more personal.

At trial, Drew objected to Morales's testimony identifying Gonzales as the second victim, arguing that this testimony was inadmissible hearsay. The trial court overruled this objection. At the close of all of the evidence, Drew renewed his motion to strike. The trial court accepted the detective's testimony, disbelieved Drew's testimony, and denied Drew's renewed motion to strike.

## II. ANALYSIS

Our Court's rules provide that

> [n]o ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice.

Rule 5A:18. This rule exists so that the trial court is alerted to possible error and is afforded the opportunity to "consider the issue intelligently and take any corrective actions necessary to avoid unnecessary appeals, reversals and mistrials." Martin v. Commonwealth, 13 Va. App. 524, 530, 414 S.E.2d 401, 404 (1992) (citing Campbell v. Commonwealth, 12 Va. App. 476, 480, 405 S.E.2d 1, 2 (1991) (en banc)).

- 3 -

At trial, Drew objected to Morales's testimony identifying Gonzales as the victim of the attempted robbery. He specifically stated that his objection did not apply to Drew's conspiracy and use of a firearm during the commission of a felony charges. Drew now argues that this Court should apply either the "ends of justice" or the "good cause shown" exceptions to Rule 5A:18 so that Drew is not punished for his counsel's error at trial. He makes no argument as to why either exception is applicable in this case.

"Ordinarily, in the criminal context, application of the ends of justice exception is appropriate where '[the accused] was convicted for conduct that was not a criminal offense' or 'the record . . . affirmatively proves that an element of the offense did not occur.'" West v. Commonwealth, 43 Va. App. 327, 338, 597 S.E.2d 274, 279 (2004) (quoting Redman v. Commonwealth, 25 Va. App. 215, 221-22, 487 S.E.2d 269, 272-73 (1997)). Nothing in the record indicates that "'[the accused] was convicted for conduct that was not a criminal offense' or 'the record . . . affirmatively proves that an element of the offense did not occur.'" Id. Similarly, nothing indicates why the "good cause shown exception" is applicable here. Therefore, Rule 5A:18 bars consideration of whether Drew's hearsay objection should apply to his convictions for use of a firearm during the commission of a felony and for conspiracy.

As to Drew's conviction for attempted robbery, Drew frames his question presented as, "[w]as the evidence sufficient to convict the Defendant of the attempted robbery of Antonio San Jose Gonzales . . . in the absence of the inadmissible hearsay testimony of Rachel Morales proving the identity of the second victim?" He essentially asks this Court to accept his argument that Morales's testimony identifying Gonzales as the second victim is inadmissible hearsay and then consider the sufficiency of the evidence absent the evidence that he contends is inadmissible. Drew's question presented does not ask this Court to rule on whether Morales's identification of Gonzales is hearsay. When determining the sufficiency of the evidence, "'we

consider all admitted evidence, including illegally [or improperly] admitted evidence.'" Sprouse v. Commonwealth, 53 Va. App. 488, 493, 673 S.E.2d 481, 483 (2009) (quoting Hargraves v. Commonwealth, 37 Va. App. 299, 312-13, 557 S.E.2d 737, 743 (2002) (citing Lockhart v. Nelson, 488 U.S. 33, 41 (1988))). Therefore, because Drew framed his question presented as one of sufficiency of the evidence and did not ask this Court to determine if the identification testimony was hearsay, the issue of whether Morales's testimony identifying Gonzales as the second victim is inadmissible hearsay is not properly before this Court.

Thus, the only question before us is whether the evidence is sufficient to support Drew's conviction for attempted robbery of Gonzales and we find that it is sufficient. "[U]pon appellate review, the evidence and all reasonable inferences flowing therefrom must be viewed in the light most favorable to the prevailing party in the trial court." Commonwealth v. Hudson, 265 Va. 505, 514, 578 S.E.2d 781, 786 (2003) (citing Derr v. Commonwealth, 242 Va. 413, 424, 410 S.E.2d 662, 668 (1991); Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975)). "This principle requires us to 'discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom.'" James v. Commonwealth, 53 Va. App. 671, 675, 674 S.E.2d 571, 579 (2009) (quoting Parks v. Commonwealth, 221 Va. 492, 498, 270 S.E.2d 755, 759 (1980) (emphasis and citation omitted)).

Robbery, a common law crime, is defined as the "'taking, with intent to steal, of the personal property of another, from his person or in his presence, against his will, by violence or intimidation.'" George v. Commonwealth, 242 Va. 264, 277, 411 S.E.2d 12, 20 (1991) (quoting Pierce v. Commonwealth, 205 Va. 528, 532, 138 S.E.2d 28, 31 (1964)).

> Attempted robbery, also a common law offense, requires the Commonwealth "to prove beyond a reasonable doubt that [the defendant] intended to steal personal property from [the victim], against his will, by force, violence, or intimidation. Additionally,

the Commonwealth must prove beyond a reasonable doubt that [the defendant] committed a direct, but ineffectual, act to accomplish the crime." Pitt v. Commonwealth, 260 Va. 692, 695, 539 S.E.2d 77, 78-79 (2000) (citing Johnson v. Commonwealth, 209 Va. 291, 293, 163 S.E.2d 570, 572-73 (1968)).

Jay v. Commonwealth, 275 Va. 510, 524-25, 659 S.E.2d 311, 319-20 (2008).

Here, Morales testified that she and Gonzales noticed a car drive past them twice shortly before they were robbed. Morales said that the men who robbed her and Gonzales had t-shirts wrapped around their faces. Drew told Detective Laino that he and Wilborne drove past a couple twice before stopping. The men wrapped t-shirts around their faces before approaching the couple and robbing them. Drew told Detective Laino that Wilborne had the purse and other items taken during the robbery. He also said that a photograph of Morales's car appeared to be the same car at the robbery. Indeed, Drew declined the opportunity to write an apology letter to Gonzales and Morales because he wished to make a more personal apology face to face. Though Drew testified that he played no role in the robbery, the trial court disbelieved his testimony. Thus, the evidence viewed in the light most favorable to the Commonwealth proves that Drew "intended to steal personal property from [the victim], against his will, by force, violence, or intimidation" and "committed a direct, but ineffectual, act to accomplish the crime." Pitt, 260 Va. at 695, 539 S.E.2d at 78-79 (citing Johnson, 209 Va. at 293, 163 S.E.2d at 572-73).

### III. CONCLUSION

For these reasons, we affirm Drew's convictions.

Affirmed.