COURT OF APPEALS OF VIRGINIA

Present:   Judges Elder, Alston and Senior Judge Clements
Argued at Richmond, Virginia


JOSEPH MICHAEL WILSON

                                         MEMORANDUM OPINION[*] BY

v.      Record No. 2420-08-2          JUDGE JEAN HARRISON CLEMENTS
                                               OCTOBER 20, 2009

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
Frederick G. Rockwell, III, Judge

Lisa C. Way (Gordon, Dodson, Gordon & Rowlett, on brief), for
appellant.

Karen Misbach, Assistant Attorney General II (William C. Mims,
Attorney General, on brief), for appellee.


Joseph Michael Wilson (appellant) was convicted of attempted robbery and use of a

firearm during the commission of a felony.  On appeal, he contends the trial court erred in

finding the evidence sufficient to convict.  Finding no error, we affirm appellant's convictions.

As the parties are fully conversant with the record in this case, and because this

memorandum opinion carries no precedential value, this opinion recites only those facts and

incidents of the proceedings as are necessary to the parties' understanding of the disposition of

this appeal.

I.  BACKGROUND

"On appeal, 'we review the evidence in the light most favorable to the Commonwealth,

granting to it all reasonable inferences fairly deducible therefrom.'"  Archer v. Commonwealth,

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (quoting Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987)).

At approximately 3:00 a.m. on January 24, 2008, the police responded to a report that two men were hiding behind a dumpster near a convenience store. Stuart Moran had called the police after observing the men, dressed in black, press themselves against the dumpster behind the store across the street from his residence. When the police arrived, at approximately 3:30 a.m., they located appellant and another man, later identified as Michael Flippo, behind the dumpster. Appellant was dressed entirely in black, wore a stocking cap on his head, large women's sunglasses, and a hood drawn around his face. A pat-down search of appellant revealed no weapons. The police detained appellant while they searched Flippo, who carried a fake gun on his person along with a pillow case. In the area where appellant had been hiding, the police found a flashlight taser. The police arrested appellant and during a search incident to his arrest recovered a can of pepper spray in his pocket.

Following his arrest, appellant admitted to the police that he and his companion had planned to commit a robbery, had prepared for it by watching the store on several previous occasions, and arrived at the location shortly before the expected arrival of the store manager, appellant's father. Appellant explained he and Flippo intended to rob the store in order to "get ahead" financially, but had become "spooked" by the presence of other people on the five previous times they had tried to carry out their plan. Appellant claimed he and Flippo changed their minds and decided not to go through with the robbery before the arrival of the police.

The manager of the convenience store testified he usually arrived for work around 3:15 a.m., but was running late on the day appellant was arrested.

## II. ANALYSIS

"'The judgment of a trial court sitting without a jury is entitled to the same weight as a jury verdict and will not be set aside unless it appears from the evidence that the judgment is plainly wrong or without evidence to support it.'" Id. (quoting Martin, 4 Va. App. at 443, 358 S.E.2d at 418). We will not overturn a verdict on appeal unless no "'rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" Kelly v. Commonwealth, 41 Va. App. 250, 257, 584 S.E.2d 444, 447 (2003) (en banc) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)).

Robbery is a common law crime defined as the "taking, with intent to steal, of the personal property of another, from his person or in his presence, against his will, by violence or intimidation." Pierce v. Commonwealth, 205 Va. 528, 532, 138 S.E.2d 28, 31 (1964). Attempted robbery, also a common law offense, requires the Commonwealth "to prove beyond a reasonable doubt that [the defendant] intended to steal personal property from [the victim], against his will, by force, violence, or intimidation. Additionally, the Commonwealth must prove beyond a reasonable doubt that [the defendant] committed a direct, but ineffectual, act to accomplish the crime." Pitt v. Commonwealth, 260 Va. 692, 695, 539 S.E.2d 77, 78-79 (2000).

> Stated differently, an attempt to commit a crime consists of two elements: "(1) [t]he intent to commit a crime; and (2) a direct act done towards its commission, but falling short of the execution of the ultimate design." Glover v. Commonwealth, 86 Va. (11 Hans.) 382, 385, 10 S.E. 420, 421 (1889). This second element of the crime of attempt is commonly referred to as an "overt act." See, e.g., Sizemore v. Commonwealth, 218 Va. 980, 984, 243 S.E.2d 212, 214 (1978). "The question as to what is [an overt] act, is often a difficult one to determine, and no general rule, which can be readily applied as a test to all cases, can be laid down. . . . Each case must, therefore, be determined upon its own facts." Hicks v. Commonwealth, 86 Va. (11 Hans.) 223, 226, 9 S.E. 1024, 1025 (1889); see also Sizemore, 218 Va. at 985, 243 S.E.2d at 215.

Jay v. Commonwealth, 275 Va. 510, 525, 659 S.E.2d 311, 319-20 (2008).

"An overt act must go beyond mere preparation to commit the crime." Bottoms v. Commonwealth, 22 Va. App. 378, 382-83, 470 S.E.2d 153, 155 (1996). "Whenever the design of a person to commit a crime is clearly shown, slight acts done in furtherance of this design will constitute an attempt . . . ." Martin v. Commonwealth, 195 Va. 1107, 1112, 81 S.E.2d 574, 577 (1954).

> Such an act is not required to be the last proximate act toward the completion of the offense, but it must go beyond mere preparation and be done to produce the intended result. An overt act is required to prove an attempted offense because without it, there is too much uncertainty as to the accused's actual intent. However, if "the design of a person to commit a crime is clearly shown, slight acts done in furtherance of this design will constitute an attempt."

Tharrington v. Commonwealth, 2 Va. App. 491, 494, 346 S.E.2d 337, 339 (1986) (citations omitted) (quoting State v. Bell, 316 S.E.2d 611, 616 (N.C. 1984)).

> In Hicks, and in other cases since 1889, Virginia courts have discussed attempted crimes and explained that, if a crime is stopped before its completion by "'the intervention of circumstances independent of the will of the party'" who intended to commit a *completed* crime, then that party *can* be convicted of *attempting* to commit that crime. 86 Va. at 228, 9 S.E. at 1026 (quoting [People v.] Murray, 14 Cal. [159,] 160 [(1859)]); see also Howard v. Commonwealth, 207 Va. 222, 228, 148 S.E.2d 800, 804 (1966) (affirming an attempt conviction where "an extraneous circumstance independent of the will of defendants . . . prevented them from carrying out their intent to commit murder"); Bloom v. Commonwealth, 34 Va. App. 364, 371, 542 S.E.2d 18, 21 ("The [attempted] crime must be 'in such progress that it will be consummated *unless* interrupted by circumstances independent of the will of the attempter, and the act must not be equivocal in nature.'" (quoting Lewis v. Commonwealth, 15 Va. App. 337, 340, 423 S.E.2d 371, 373 (1992) (emphasis added)), aff'd, 262 Va. 814, 554 S.E.2d 84 (2001). In Sizemore, the Supreme Court explained that, if a person intends to commit a crime and also takes actions to initiate the crime, an intervening cause that prevents the completion of the crime (even a perpetrator's own reluctance to complete the act) *does not* preclude a conviction of attempting to commit the crime. 218 Va. at 985-96, 243 S.E.2d at 215-16.

Rogers v. Commonwealth, ___ Va. App. ___ , ___, ___ S.E.2d ___ , ___ (Oct. 6, 2009).

- 4 -

> The intervention of an external factor . . . does not somehow absolve a defendant of attempting to commit a crime. Instead, such an intervention frustrates the completion of the crime, and, therefore, precludes convicting a defendant of the *completed* crime, but it does not preclude convicting a defendant of *attempting* to commit the crime.

Id. at ___, ___ S.E.2d at ___.

In this case, appellant and Flippo formed the intent to commit a robbery and had prepared for the event by observing the manager's schedule on previous occasions and on this occasion by traveling to the store before the manager's expected arrival wearing dark clothing and carrying a fake weapon, pepper spray, and other paraphernalia. They concealed themselves behind a dumpster and despite appellant's claim that he abandoned the robbery plan, he did not emerge from his hiding spot until found by the police, who arrived at the scene before the manager's arrival at the store. This evidence fully supports the trial court's conclusion that appellant engaged in overt acts calculated to complete the crime. If the manager had not been late, and if the police had not arrived at the scene, then appellant and his companion would have committed robbery. The intervening action of the police arriving on the scene simply prevented appellant's conviction for actual robbery and use of a firearm in the commission of an actual robbery. The actions of others did not preclude appellant's convictions for attempting to commit the crimes. "Moreover, under Sizemore, it does not matter whether the 'intervening cause' that prevented the completion of this robbery was an outside circumstance . . . or a change of mind by the perpetrators. Neither circumstance constitutes a defense to the crime." Id. at ___, ___ S.E.2d at ___.

The trial court rejected appellant's claim that he abandoned his intent to commit the robbery before he was apprehended. "The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d

730, 732 (1995). "In assessing witness credibility, the fact finder may accept the parts of a witness' testimony it finds believable and reject other parts as implausible." Moyer v. Commonwealth, 33 Va. App. 8, 28, 531 S.E.2d 580, 590 (2000) (en banc). Likewise, the trier of fact is entitled to disbelieve a defendant's self-serving testimony and conclude that he is lying to conceal his guilt. Marable v. Commonwealth, 27 Va. App. 505, 509-10, 500 S.E.2d 233, 235 (1998). We will reject the determinations of the trial court with regard to witness credibility and evidentiary weight only when plainly wrong or without supporting evidence. See Mercer v. Commonwealth, 259 Va. 235, 243, 523 S.E.2d 213, 217 (2000).

Here, the trial court believed appellant's statement to the police admitting and detailing his plan to rob the store his father managed. However, the court found appellant's claim that he abandoned his intent to commit the robbery implausible. Appellant conceded that he initially possessed the intent to rob the store. The record supports the conclusion that appellant did not rob the store only because the police arrived before he could make further progress with his plan. Having viewed the evidence in its entirety under the standard of review we must employ, we cannot say that the trial court's partial acceptance of appellant's admission and rejection of his claim of abandonment was plainly wrong.

From all the evidence it found credible, the trial court could reasonably conclude that appellant planned to commit a robbery and committed a direct, but ineffectual, act to accomplish the crime.

Appellant further argues that if this Court "decided to reverse the attempted robbery conviction (the predicate offense), then it must necessarily reverse the conviction for the use of a firearm in the commission of attempted robbery . . . ." Because we conclude the evidence fully supports the court's conclusion that appellant committed an attempted robbery, we need not address this issue.

Thus finding no error, we affirm the judgment of the trial court and appellant's convictions.

Affirmed.