COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, McClanahan and Petty
Argued at Richmond, Virginia


NATHANIEL FITCHETT, S/K/A
  NATHANIEL DWAINE FITCHETT
                                                        MEMORANDUM OPINION[*] BY
v.        Record No. 1626-08-2                   JUDGE ELIZABETH A. McCLANAHAN
                                                             NOVEMBER 24, 2009
COMMONWEALTH OF VIRGINIA


                    FROM THE CIRCUIT COURT OF HENRICO COUNTY
                               Daniel T. Balfour, Judge

              John W. Parsons for appellant.

              Craig W. Stallard, Assistant Attorney General (William C. Mims,
              Attorney General, on brief), for appellee.


        Nathaniel Fitchett appeals from his conviction in a bench trial for attempted robbery[1] and

argues the evidence was insufficient to support his conviction.  We affirm the judgment of the trial

court.

                                 I.  STANDARD OF REVIEW

        "On review of a challenge to its sufficiency, we view the evidence in the light most

favorable to the Commonwealth, the party prevailing below, and grant to it all reasonable

inferences fairly deducible therefrom."  Nolen v. Commonwealth, 53 Va. App. 593, 595, 673

S.E.2d 920, 921 (2009).  "Sufficiency-of-the-evidence review involves assessment by the courts

of whether the evidence adduced at trial could support any rational determination of guilt beyond

---

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] Fitchett was also charged with and pled guilty to unauthorized use, eluding, and petit
larceny.  These convictions are not before us on appeal.

a reasonable doubt." United States v. Powell, 469 U.S. 57, 67 (1984). See also McMillan v. Commonwealth, 277 Va. 11, 19, 671 S.E.2d 396, 399 (2009); Jones v. Commonwealth, 277 Va. 171, 182, 670 S.E.2d 727, 734 (2009); Clanton v. Commonwealth, 53 Va. App. 561, 566, 673 S.E.2d 904, 906-07 (2009) (*en banc*).

## II.  BACKGROUND

At approximately 10:00 p.m., Hayatull Alidost was working at a Shell station/convenience store when he saw Fitchett drive up, park his vehicle, and begin taking pictures outside the store.  When Alidost asked Fitchett what he was doing, Fitchett told him he was a photographer and was taking pictures to sell on the internet.  Alidost saw Fitchett move his vehicle to a gas pump and walk inside the store again taking pictures.  After Alidost told Fitchett not to take pictures inside the store, Fitchett put the camera back into his pocket.  When another customer entered the store, Fitchett left the store, returned to his car, and began pumping gas. The other customer then exited the store, and Fitchett came back into the store and asked Alidost, who was standing behind the cash register, what he owed.  When Alidost told him he owed $29.44, Fitchett pulled out his wallet, opened it, but put it back into his pocket.  Fitchett then took out a dark brown paper bag from under his coat, touched Alidost with the bag, and asked, "You know what this is?"  Fitchett twice said, "Open the door for me," while gesturing toward the cash register.  After Alidost told Fitchett opening the door would trigger an alarm and another vehicle pulled into the station, Fitchett quickly left the store and drove off in his vehicle without paying for the gas.  Alidost testified he did not know what kind of weapon was in the bag and that he was neither intimidated nor scared.

Fitchett testified he only had $5 so he set the pump "to get the five dollars, but the pump kept running."  According to Fitchett, he took his camera into the store and tried to offer it to Alidost to hold while he obtained the money for the gas.  Fitchett admitted taking the pictures

and said he took them to prove the camera worked.  He also testified he was referring to the store door when he asked Alidost to open the door because he thought Alidost had locked him inside the store.

## III.  ANALYSIS

Fitchett argues the evidence was insufficient to support his attempted robbery conviction because the Commonwealth failed to prove he "had a specific intent to commit robbery in the store or that he actually committed a direct act towards the completion of a robbery."

"An attempt in criminal law is an unfinished crime and is composed of two elements, the intent to commit the crime and the doing of some direct act toward its consummation, but falling short of the accomplishment of the ultimate design."  Johnson v. Commonwealth, 209 Va. 291, 293, 163 S.E.2d 570, 573 (1968).

> To convict [a defendant] of attempted robbery, the Commonwealth is required to prove beyond a reasonable doubt that [the defendant] intended to steal personal property from [the victim], against his will, by force, violence, or intimidation. Additionally, the Commonwealth must prove beyond a reasonable doubt that [the defendant] committed a direct, but ineffectual, act to accomplish the crime.

Pitt v. Commonwealth, 260 Va. 692, 695, 539 S.E.2d 77, 78-79 (2000).

### A.  Intent to Steal Money

Fitchett contends the Commonwealth failed to prove his specific intent to steal money because he "never demanded money" from Alidost.

 "Intent is the purpose formed in a person's mind and may be, and frequently is, shown by circumstances.  It is a state of mind which may be proved by a person's conduct or by his statements."  Barrett v. Commonwealth, 210 Va. 153, 156, 169 S.E.2d 449, 451 (1969); see also Nobles v. Commonwealth, 218 Va. 548, 551, 238 S.E.2d 808, 810 (1977).  It is reasonable for the fact finder to infer a defendant intended the natural and probable consequences of his acts.

Velasquez v. Commonwealth, 276 Va. 326, 330, 661 S.E.2d 454, 456 (2008).  Fitchett told

Alidost twice to open the door while gesturing toward the cash register and while holding a bag

asking, "You know what this is?"  Alidost understood Fitchett to be directing Alidost to open the

cash register door and told Fitchett doing so would trigger an alarm.  It was reasonable for the

trial court to conclude from this evidence Fitchett had the specific intent to steal money.[2]

## B.  Overt Act

Fitchett also argues the Commonwealth failed to prove an overt act towards the

completion of a robbery because the evidence was "insufficient to support a finding of any use of

violence or intimidation" by him.

"The question as to what is [an overt] act, is often a difficult one to determine, and no

general rule, which can be readily applied as a test to all cases, can be laid down. . . . Each case

must, therefore, be determined upon its own facts."  Hicks v. Commonwealth, 86 Va. (11 Hans.)

223, 226, 9 S.E. 1024, 1025 (1889).

> [T]he act must reach far enough towards the accomplishment of
> the desired result to amount to the commencement of the
> consummation.  It must not be merely preparatory.  In other words,
> while it need not be the last proximate act to the consummation of
> the offence attempted to be perpetrated, it must approach
> sufficiently near to it to stand either as the first or some subsequent
> step in a direct movement towards the commission of the offence
> after the preparations are made.

Id. at 226-27, 9 S.E. at 1025.

Contrary to Fitchett's argument, the evidence proved several overt acts undertaken by

Fitchett to commit robbery.  Fitchett entered the store, twice told Alidost to open the door while

---

[2] Fitchett's argument is based entirely on his own view of the evidence.  But the trial court rejected Fitchett's explanation that he was referring to the exit door rather than the cash register drawer, that he never had a bag, and that he only offered the camera to Alidost.  In its role as fact finder, the trial judge was free to disbelieve Fitchett's self-serving testimony and conclude he was lying to conceal his guilt.  Marable v. Commonwealth, 27 Va. App. 505, 509-10, 500 S.E.2d 233, 235 (1998).

gesturing toward the cash register, pulled a brown bag out of his coat, touched it to Alidost, and asked, "You know what this is?" These acts were not "merely preparatory" but were the "first" and "subsequent step[s] in a direct movement towards the commission of [robbery]." Id. The Commonwealth was not required to prove Fitchett actually used violence or force against Alidost or that Alidost indeed felt threatened, afraid, or intimidated just as it was not required to prove Fitchett actually stole the money. See Pitt, 260 Va. at 695-96, 539 S.E.2d at 78-79. "When the evidence proves that a defendant had the intent to commit a completed crime, 'any slight act done in furtherance of this intent will constitute an attempt.'" Fortune v. Commonwealth, 14 Va. App. 225, 229, 416 S.E.2d 25, 28 (1992).

For the foregoing reasons, we conclude the evidence was sufficient to support Fitchett's conviction for attempted robbery and affirm the judgment of the trial court.

Affirmed.